UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES F. SMYTHE,<br><br>    Plaintiff,<br><br>    v.<br><br>OPENAI, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-08296-TLT<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS FOR JUDICIAL NOTICE, MOTIONS FOR LEAVE TO SUPPLEMENT THE RECORD, AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 21, 22, 23, 24, 25 |

Pending before the court are five motions filed by Plaintiff Smythe. Plaintiff seeks leave from the Court to take judicial notice of documents which appear to be reproductions of statements generated by ChatGPT (ECF 21; ECF 23), supplement the record with those same documents (ECF 22; ECF 24), and seeks the Court's imposition of sanctions against Defendants' counsel (ECF 25).

For the reasons stated below, the Court DENIES Plaintiff's motions without prejudice.

## I. MOTION FOR JUDICIAL NOTICE

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

Plaintiff requests that the Court takes judicial notice of reproductions of statements generated by ChatGPT in response to Plaintiff's prompts and questions. ECF 21-1; ECF 23-1.

1  However, Plaintiff's documents do not bear the indicia of reliability requires for the Court to take

2  judicial notice. *Calhoun*, 526 F. Supp. 3d at 617. For example, Plaintiff's supplemental evidence

3  are not public records. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (federal

4  courts may take judicial notice of undisputed matters of public record, including documents on file

5  in federal or state courts). Moreover, the Court only has the reproduced statement by ChatGPT

6  themselves to rely on—that is, the fact that the statements were generated by ChatGPT cannot "be

7  accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

8  *Fed. Trade Comm'n v. LendingClub Corp.*, No. 18-cv-02454, 2018 WL 11436309, at *4 (N.D.

9  Cal. Oct. 3, 2018).

10  Accordingly, the Court denies Plaintiff's request for judicial notice at ECF 21 and ECF 23.

**II.   MOTIONS TO SUPPLEMENT THE RECORD**

Plaintiff seeks leave to supplement the record with the documents identified above. However, Defendants have not been served in this case and, therefore, have not had an opportunity to respond the Plaintiff's motions. Accordingly, this Court denies Plaintiff's motion for leave to supplement the record without prejudice. *Patmont Motor Werks, Inc. v. Gateway Marine, Inc.*, No. 96-cv-2703, 1997 WL 811770, at *2 (N.D. Cal. Dec. 18, 1997) (denying motion to supplement the record, in part, because the Defendant was not "allow[ed] the opportunity to respond substantively to the newly proffered evidence"). Plaintiff may renew his motions when Defendants have been served and been given an opportunity to raise any objections they may have.

**III.   MOTION FOR SANCTIONS**

Plaintiff's motion for sanctions must be denied because Plaintiff has failed to comply with Rule 11's procedural requirements. Rule 11(c)(2) provides that:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed.R.Civ.P. 11(c)(2). This subsection is often referred to as the Rule's "safe harbor provision." "The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1168 (N.D. Cal. 2013) (internal citations omitted). Thus, "[f]ailure to provide the required notice precludes an award of Rule 11 sanctions." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir.2009); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998) ("An award of sanctions cannot be upheld" where the movant does not comply with the 21day notice requirement).

In this case, Plaintiff failed to comply with Rule 11's safe harbor provision. The emails attached to Plaintiff's motion reveal that Plaintiff made no effort to notify Defendants of his intent to file a motion for Rule 11 sanctions. ECF 25-1. Plaintiff filed this motion with the Court only hours after his last communication with Defense counsel. ECF 25-4 at 1.

Moreover, Pursuant to the Court's Standing Order Regarding the Government Shutdown, parties must meet and confer before filing substantive motions and "determine whether the litigation can proceed without the motion or whether the motion must be urgently resolved. If the latter, lead counsel shall file a certification attesting to the same with the filing of any substantive motion. Failure to provide the certification will result in a sua sponte denial without prejudice." Plaintiff's motion is further dismissed because ECF 25 fails to provide the certification required by the Court's Standing Order.

The Court denies Plaintiff's motion for sanctions for failure to comply with Rule 11's and this Court's procedural requirements.

//
//
//
//

## IV. CONCLUSION

The Court DENIES :

(1) Plaintiff's requests for judicial notice at ECF 21 and ECF 23,

(2) Plaintiff's motion to supplement the record at ECF 22 and ECF 24, and

(3) motion for sanctions against Defendants' counsel at ECF 25.

Plaintiff's motions to supplement the record are denied without prejudice and may be renewed after Defendants have been properly served and have an opportunity to respond to Plaintiff's requests.

The plaintiff, James F. Smythe, pro se, is ordered to seek free legal assistance from the Legal Help Center located in the San Francisco courthouse. The Legal Help Center will not represent you as your lawyer, but can provide basic legal assistance at no cost. You can schedule an appointment by calling 415-782-8982 or emailing FedPro@sfbar.org.

This order resolves: ECF 21, 22, 23, 24, 25.

IT IS SO ORDERED.

Dated: October 25, 2025

TRINA L. THOMPSON
United States District Judge