1

2

3                           UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6    JAMES F. SMYTHE,                              Case No.  25-cv-08296-TLT

7                 Plaintiff,

8           v.                                     **SUA SPONTE ORDER DISMISSING COMPLAINT**

9    OPENAI, INC., et al.,                         Re: Dkt. Nos. 27, 28, 34, 35, 36

10                Defendants.

11          *Pro Se* Plaintiff James F. Smythe ("Smythe") commenced this litigation against

12   Defendants OpenAI Foundation, Sam Altman and Paul M. Nakasone (collectively, "Defendants")

13   on September 29, 2025.  ECF 1, ("Compl.").  Plaintiff alleges that his constitutional, civil, and

14   Americans with Disabilities Act ("ADA")-related rights were violated by Defendants for alleged

15   "intelligence gathering operations directed at Plaintiff, Plaintiff's family, and Plaintiff's

16   personal/professional associates," suppression of protected speech and interference with his use of

17   OpenAI's products and services.  *Id.* ¶ 17

18          Pending before the Court are a series of motions brought by Plaintiff including (1) a

19   motion for reconsideration, ECF 27; (2) a motion to determine the real party status of Defendant,

20   ECF 28; (3) a motion for preliminary injunction, ECF 34; (4) a petition for relief under the All

21   Writs Act (28 U.S.C. § 1651), ECF 35; and (5) a motion for clarification regarding the Court's

22   order at ECF 26. ECF 36.

23          For the reasons discussed below, the Court **DENIES** Plaintiffs motions and **DISMISSES**

24   Plaintiff's case with prejudice.

25   **I.    BACKGROUND**

26          Plaintiff alleges that Defendants violated and continue to violate his rights by burdening

27   his ability to access certain internet services, monitoring Plaintiffs use of Defendants' online

28   services, and interfering with Plaintiff's use of Defendants' website and products and services

United States District Court
Northern District of California

1    accessible therein.  Compl. ¶¶ 21–23.  Specifically, Plaintiff alleges that former Director of the

2    National Security Agency (NSA) and Chief of the Central Security Services (CSS) General Paul

3    Nakasone, conspired with Daniel McCusker, a former associate of the Central Intelligence Agency

4    (CIA), former agent of the Department of Homeland Security (DHS) Jason Bookstaber, and

5    OpenAI, as members of the Board of Directors of OpenAI, to "monitor and suppress Plaintiff's

6    protected speech and petitioning activities" and interfered with Plaintiff's "ability to prepare and

7    file ADA-related litigation in pursuit of the enforcement of his rights."  *Id.* ¶ 1; *see also id*. ¶11

8    ("[O]n June 13, 2024— just days/weeks after Plaintiff began extensively using OpenAI's

9    platform(s) to aid in his protected speech and petitioning activities . . . General Paul Nakasone

10   joined OpenAI's Board of Directors.").

11          Plaintiff alleges that after he had initiated protected speech and petitioning activities,

12   including requests under the Freedom of Information Act (FOIA), the U.S. Government engaged

13   in "bad faith and unlawful conduct."  *Id.* ¶¶ 13–14.  General Nakasone was serving in his official

14   capacity as a government official at the time this alleged occurred.  *Id.* ¶ 11.

15          Plaintiff further alleges that the government "fail[ed] and refus[ed] to comply in good faith

16   with the Freedom of Information Act" requests before assigning Defendant McCusker—furute

17   OpenAI Board member—to assist with Plaintiff's case.  *Id.* ¶ 15.  Next, Defendant Bookstaber is

18   alleged to have "conducted government-sought and government-authorized intelligence gathering

19   operations directed at Plaintiff, Plaintiff's family, and Plaintiff's personal/professional associates"

20   which included the monitoring of Plaintiff's digital devices and use of OpenAI's products and

21   services. *Id.* ¶ 17.  After several months, Defendants allegedly worked "in tandem and or

22   coordination with California law enforcement officers" to escalate the surveillance of Plaintiff.

23   *Id.* ¶ 19.

24          Plaintiff alleges that, thereafter, "OpenAI and or OpenAI's platform(s)—suddenly and

25   uncharacteristically— began to halt, interfere with, regulate, and 'throttle' Plaintiff's relevant use

26   of OpenAI's platform(s) and service(s)," *id.* ¶ 21, and contends that these interruptions "bear[]

27   hallmarks of bad faith and serv[e] as indicum of pretext" from Defendants conduct.  *Id.* ¶ 22.

28          Plaintiff raises thirteen causes of action under the ADA (42 U.S.C. §§ 12203, 12182), the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Rehabilitation Act § 504 (29 U.S.C. § 794), 42 U.S.C. §§ 1983, 1985, and 1986, common law

2    breach of contract, common law breach of implied covenant of good faith and fair dealing, the

3    California Unfair Competition Law (Bus. & Prof. Code § 17200, the California Consumer Legal

4    Remedies Act (Civ. Code § 1770), the California Unruh Civil Rights Act (Civ. Code § 51),

5    California Disabled Persons Act (Civ. Code §§ 54, 54.1), and the California Constitution, Article I

6    §2(a). *Id.* ¶¶ 27–63.

7            The Court notes that Plaintiff filed all but the motion for clarification before Defendant had

8    been served or appeared in this case.  On October 13, 2025, counsel for OpenAI offered a waiver

9    of service to Plaintiff, and informed him that there is no longer an entity by the name of "OpenAI,

10   L.P."  ECF 25-1.  No entity by that name has existed since "OpenAI, L.P." was renamed as

11   "OpenAI OpCo, LLC" in January 2023. ECF 43 at 2. Plaintiff refused to accept the waiver, and

12   filed a motion for sanctions alleging that Defendants were proceeding in bad faith on this issue.

13   ECF 25.  The Court denied Plaintiff's motion.  ECF 26.  Because Defendant OpenAI executed a

14   waiver form dated October 7, 2025, OpenAI's deadline to respond to the complaint is December 8,

15   2025.

16          Each of Plaintiff's motions filed prior to November 13, 2025, were also filed in violation

17   of the Court's Standing Order Regarding Government Shutdown, dated October 17, 2025, insofar

18   as none of the motions were accompanied by a certification attesting to the need for their urgent

19   resolution.

20   **II.    LEGAL STANDARD**

21          "'A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6).'"  *Seismic*

22   *Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Omar v. Sea-Land*

23   *Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)).  The district court "must give notice of its *sua*

24   *sponte* intention to dismiss and provide the plaintiff with 'an opportunity to at least submit a

25   written memorandum in opposition to such motion.'"  *Id.* (quoting *Wong v. Bell*, 642 F.2d 359,

26   362 (9th Cir. 1981)).  However, a court may properly dismiss an action *sua sponte* without giving

27   a plaintiff notice of its intention to dismiss and an opportunity to respond if a plaintiff "cannot

28   possibly win relief."  *Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988);

3

1    *Omar*, 813 F.2d at 991; *Wong*, 642 F.2d at 362.

2        The Court may also dismiss a complaint *sua sponte* for failure to comply with Federal Rule

3 of Civil Procedure 8, which mandates that a complaint include a "short and plain statement of the

4 claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2),

5 (d)(1). In other words, a complaint that is so confusing that its "'true substance, if any, is well

6 disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino*

7 *Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417

8 F.2d 426, 431 (9th Cir. 1969) ); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

9 ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without

10 simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to

11 perform the essential functions of a complaint."). Moreover, while *pro se* pleadings are

12 interpreted liberally, they still must meet a minimum threshold that provides defendants sufficient

13 notice of the allegations against them. *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir.

14 1995); *Arunachalam v. Presidio Bank*, No. 12-cv-04962, 2018 WL 4849680, at *2–3 (N.D. Cal.

15 Oct. 4, 2018), aff'd, 801 F. App'x 750 (Fed. Cir. 2020)

16 **III.    DISCUSSION**

17        Although it is difficult to determine exactly what claims Plaintiff seeks to bring in

18 this complaint, it appears that Plaintiff's claims primarily arise from the ADA, or that Plaintiff

19 seeks to enforce ADA standards to address harms to Plaintiff based on his disability. ECF 1. The

20 ADA addresses "the full and equal enjoyment" of "place[s] of public accommodation," 42 U.S.C.

21 § 12182(a). "'Places of public accommodation' under the ADA are limited to actual physical

22 spaces." *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1115 (N.D. Cal. 2011) (citing Weyer v.

23 Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000)). The examples of

24 "public accommodations" listed in the statute are all physical spaces, such as "hotel[s]," 42 U.S.C.

25 § 12181(7)(A), "baker[ies]," *id*. § 12181(7)(E), and "museum[s]," *id*. § 12181(7)(H). And where

26 the definition speaks to services, it does so only in terms of physical places where services are

27 provided, such as the "office of an accountant or lawyer" or the "professional office of a health

28 care provider," *id*. § 12181(7)(F)(emphasis added).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Here, Plaintiffs's ADA claims—or claims that rely on an alleged violation of the ADA—

2    cannot be brought to regulate a service like ChatGPT that has no nexus to an actual physical space.

3    *See Cullen v. Netflix*, 880 F. Supp. 2d 1017, 1024.   In other words, OpenAI's "'internet services [

4    ] do not have a nexus to a physical place of public accommodation for which [OpenAI] may be

5    liable under the statute.'"  *Lloyd v. Facebook, Inc.*, No. 21-cv-10075, 2022 WL 4913347, at *6

6    (N.D. Cal. Oct. 3, 2022) (quoting *Young v. Facebook, Inc.*, 790 F. Supp. 2d at 1116).

7    Furthermore, because Plaintiff "has not pointed to any relevant standards established by California

8    law that exceed those set by the ADA and has thus not provided a basis for a claim under the

9    Disabled Persons Act that is separate from [his] ADA claim," Plaintiff's California-law claims

10   based on the rights of disabled persons fail for the same reasons.  *Young*, 790 F. Supp. 2d at 1116.

11   A further ground for dismissal is the inadequacy of Plaintiff's pleadings.  Plaintiff's claim

12   must set forth "'a short and plain statement of the claim,'" Fed. R. Civ. P. 8(a)(2), such that the

13   defendant is given "'fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's claims also do not "contain sufficient

15   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

16   *Iqbal*, 556 U.S. 662, 678 (2009).

17   Here, Plaintiff's complaint is missing significant factual support to give fair notice to

18   OpenAI of any facts suggesting the validity of Plaintiff's various causes of action.  Plaintiff's

19   version of events is that "OpenAI, … and high-ranking agents … of America's Intelligence

20   Agencies acted under color of law to monitor and suppress Plaintiff's protected speech and

21   petitioning activities" by surveilling Plaintiff, Plaintiff's family, and Plaintiff's associates and by

22   interfering with his use of OpenAI's products and services.  Compl. ¶¶ 1, 17, 21.  While Plaintiff

23   does claim that "OpenAI and or OpenAI's platform(s)—suddenly and uncharacteristically—

24   began to halt, interfere with, regulate, and 'throttle' Plaintiff's relevant use of OpenAl's

25   platform(s) and service(s)," *id.* ¶21, Plaintiff points to no facts drawing a nexus between these

26   platform malfunctions and the conduct of any Defendant.  As discussed above, Plaintiff has no

27   theory under which he may bring an ADA claim based on the complaint. To the extent Plaintiff's

28   remaining claims depend on the Court finding that Defendants conduct was the cause of Plaintiff's

United States District Court
Northern District of California

1    disrupted use of OpenAI's products or a finding that Defendants surveilled Plaintiff without a

2    trace of evidence, these allegations do not state a claim that is "plausible on its face." *Iqbal*, 556

3    U.S. at 678.

4          A court may dismiss a complaint as frivolous when it "lacks an arguable basis either in law

5    or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25,

6    32–33 (1992) (courts may dismiss claims that are "factually frivolous" if the pleaded facts are

7    "clearly baseless" by virtue of being "fanciful," "fantastic," or "delusional") (internal quotation

8    marks omitted).  There are no facts or legal theories to support Plaintiff's claims.  For failure to

9    make these fundamental showings, the Court dismisses Plaintiff's case.  *Hearns*, 530 F.3d at 1131.

10          Below, the Court addresses Plaintiff's outstanding motions to be terminated prior to the

11    closure of Plaintiff's case.

### IV.    MOTIONS FOR INJUNCTIVE RELIF ARE NOT WARRANTED

12    

13          Two of Plaintiff's motions seek preliminary injunctive relief asking this Court to order

14    OpenAI to preserve documents relevant to this litigation.  ECF 34; ECF 35.  Defendants' argue

15    that such relief is unwarranted because Plaintiff's fail to plausibly allege a meritorious claim and

16    because Defendants' already have a duty to preserve evidence relevant to the litigation.  ECF 43 at

17    3.

18          Plaintiff's requests are governed by the standard set forth in *Winter v. Natural Resources*

19    *Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  Under *Winter*, a plaintiff seeking preliminary relief

20    must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer

21    irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their

22    favor; and (4) that an injunction is in the public interest.  *Id.*  A court must find that "a certain

23    threshold showing" is made on each of the four required elements.  *Leiva-Perez v. Holder*, 640

24    F.3d 962, 966 (9th Cir. 2011).  Under the Ninth Circuit's sliding scale approach, a preliminary

25    injunction may issue if there are "serious questions going to the merits" if "a hardship balance

26    [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a

27    likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild*

28    *Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

United States District Court
Northern District of California

1    The first, and most important, aspect of Plaintiff's motion is that Plaintiff must

2    demonstrate a likelihood of success on the merits of his claim. *See Garcia v. Google, Inc.*, 786

3    F.3d 733, 740 (9th Cir. 2015) ("[t]he first factor under *Winter* is the most important—likely

4    success on the merits."). As discussed above, Plaintiff's factual allegations fall short of stating a

5    plausible, let alone likely case against Defendants. Furthermore, as a general legal principle,

6    "parties are 'under a duty to preserve evidence that is relevant or could reasonably lead to the

7    discovery of admissible evidence,'" without the need for a court order. *Echostar Satellite LLC v.*

8    *Freetech, Inc.*, 07-cv-06124, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009) (citation omitted).

9    "To obtain an order imposing stricter preservation requirements, a party must make 'some

10   showing of a significant concern that potentially relevant evidence will be destroyed.'" *OOO*

11   *Brunswick Rail Mgmt. v. Sultanov*, 5:17-cv-00017-EJD, 2017 WL 67119, at *1 (N.D. Cal. Jan. 6,

12   2017) (internal citations omitted). Defendants are under a legal and ethical obligation to preserve

13   relevant evidence in connection with this litigation as long as it persists, and Plaintiff has not made

14   any showing that Defendant is likely to violate their duties. Thus, injunctive relief is not

15   warranted here, and the Court denies Plaintiff motions for such relief.

16   **V.    MOTION FOR RECONSIDERATION**

17   The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of

18   relief under Rule 60(b). *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999).

19   Motions for reconsideration should not be frequently made or freely granted. *See generally*

20   *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he

21   major grounds that justify reconsideration involve an intervening change of controlling law, the

22   availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

23   *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting

24   *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)). Courts construing

25   Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful

26   party to "rehash" arguments previously presented, or to present "contentions which might have

27   been raised prior to the challenged judgment." *Parsons v. Alameda Cnty. Sheriff Dep't*, No. 14-cv-

28   04674, 2016 WL 3877907, at *1 (N.D. Cal. July 18, 2016) (citation omitted). These holdings

1    "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial

2    efficiency." *Id.*

3          Here, Plaintiff does not offer new evidence or point to any clear error, but instead

4    challenges the Court's analysis about the reliability of the allegedly ChatGPT generated

5    documents attached to Plaintiff's various filings to supplement the record.  ECF 27 at 5. The

6    caselaw Plaintiff cites does not impact the Court's analysis of the Documents Plaintiff provided.

7    *Id.*   Plaintiff's remaining arguments are difficult to make out.  One issue Plaintiff appears to raise

8    is a related to the Court's jurisdiction over this matter the Court notes that jurisdiction exists here

9    under 28 U.S.C. § 1331.  Having not pointed to any intervening change of controlling law, new

10   evidence, or clear error, the Court denies Plaintiff's motion for reconsideration.  *Hodel*, 882 F.2d

11   at 369 n.5.

12   **VI.    CONCLUSION**

13         This Order clarifies the Court's position as to Plaintiff's causes of action which resolves

14   ECF 36.  Moreover, Defendant OpenAI has appeared in this case under its true name, OpenAI,

15   Inc. noting that "OpenAI, L.P." has not been the entity's name since January 2023.  ECF 43 at 2.

16   Defendant OpenAI's appearance and clarification resolves ECF 28.  For the reasons stated above,

17   the Court **DENIES** Plaintiff's motions.

18         The Court finds that Plaintiff offer no legal theory to support his ADA claim and

19   inadequate facts to support his claim of unauthorized surveillance and interference with his speech

20   rights to sustain this litigation under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).

21   Accordingly, the Court **DISMISSES** Plaintiff's case with prejudice.

22         The Clerk of the Court is ordered to close and terminate the case.

23         This Order resolves ECF 27, 28, 34, 35, and 36.

24         **IT IS SO ORDERED.**

25   Dated: December 8, 2025

26   _____
     TRINA L. THOMPSON
27   United States District Judge

28

United States District Court
Northern District of California

8